# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-010 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| NATHANIEL MORNINGSTAR, | : | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| Defendant. | : | |

This matter is before the Court on Defendant Nathaniel Morningstar's pro se motion for compassionate release.  (Doc. 38).[1]  The Court concludes that no response from the United States is needed.  For the reasons that follow, Defendant's Motion will be DENIED.

## I.    BACKGROUND

On June 27, 2019, Defendant pled guilty to two counts of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).  (Docs. 19–21).  He was sentenced on November 18, 2019 to a term of 102 months of imprisonment, followed by five years of supervised release.  (Docs. 27, 31–33).  Defendant, who is 32 years-old, is currently incarcerated at Coleman I USP (https://www.bop.gov/inmate loc/ (last visited 11/12/2021)).  His projected release date is June 27, 2026.  *Id.*

---

[1] In connection with Amended General Order 20-21, attorney Kory Jackson was appointed to represent Defendant.  (Docs. 35, 36).  Although he filed a notice of intent (Doc. 37) to do so, attorney Jackson ultimately elected not to file a supplemental motion.

## II.    DISCUSSION

### A.  Availability of Compassionate Release

Pertinent here, the court "may not modify a term of imprisonment" based on a defendant's compassionate release motion[2] until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Sixth Circuit has ruled that, despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)).  Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that he has exhausted his administrative remedy and, as proof, attaches the Warden's denial (dated June 2, 2021) for a reduction in sentence (RIS).  (Doc. 38-1 PAGEID 109).  Thus, the undersigned can proceed to the merits of Defendant's motion.

---

[2] Section 603(b) of the First Step Act allows inmates to file motions for compassionate release in federal court.  Previously these motions could only be brought by the Director of the Bureau of Prisons, "and as a result, defendants seldom were released." *United States v. Owens*, 996 F.3d 755, 758–59 (6th Cir. 2021).  "The BOP used that power so 'sparingly' that the Department of Justice's Inspector General found in a 2013 report that an average of only 24 imprisoned persons were released each year by BOP motion.  According to the same report, the BOP poorly managed the compassionate-release process and failed to establish timeliness standards for reviewing prisoner requests, causing delays so substantial that inmates sometimes died awaiting final BOP decisions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (citations omitted).  *Cf. United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) ("No one contests that Congress made this change to increase access to compassionate release.").

## B.  No Extraordinary or Compelling Reasons Support Defendant's Release

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to

reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances."

*United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

A three-step inquiry is necessary.  *Id.* at 1101.  "[A]t steps one and two of the § 3582(c)(1)(A)

inquiry, district courts must find both that 'extraordinary and compelling reasons warrant [a

sentence] reduction' and 'that such a reduction is consistent with *applicable* policy statements[3]

---

[3] The policy statement of the Sentencing Commission appears at Section 1B1.13 of the Guidelines and provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ….
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).  The Commentary to § 1B1.13 describes several ways that a defendant can demonstrate an "extraordinarily and compelling" reason, but only one concerning medical conditions unrelated to advanced age:

> (A)  Medical Condition of the Defendant –
>
> (i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)     The defendant is –
>
>          (I)      suffering from a serious physical or medical condition,
>
>          (II)     suffering from a serious functional or cognitive impairment, or

issued by the Sentencing Commission." *Id.* at 1109 (emphasis in original). *Jones* clarifies that "the passage of the First Step Act rendered [U.S.S.G.] § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[4] "Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have **full discretion** in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* (emphasis added). In other words, "federal judges may skip step two of the § 3582 inquiry[.]" *Id.* at 1111. Assuming an extraordinary and compelling reason is found, step three then requires consideration of the applicable sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 1106 (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–06 (6th Cir. 2020)).

In *Jones*, the Sixth Circuit panel ultimately upheld the district court's denial of compassionate release by concluding that the trial judge's assessment of the § 3553(a) factors did not constitute an abuse of discretion. *Id.* at 1111–16. But because the trial judge assumed for the sake of argument that extraordinary and compelling reasons would support a reduction in sentence, the *Jones* concurrence observed that the majority's discussion of § 1B1.13 was

---

        (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

    As discussed *infra*, the Sentencing Commission's policy statement was not amended after the enactment of the First Step Act, which now allows a defendant to file a motion for compassionate release. Rather, it still speaks only to determinations by the Director of the BOP in the rare instance in which he would file such a motion with a court.

    [4] Since *Jones* was decided, the Fourth and Seventh Circuits also have reached the conclusion that § 1B1.13 is inapplicable to inmate-filed compassionate release motions. *See United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

unnecessary to the decision.  *Id.* at 1116–17.  Later, however, the Sixth Circuit made its position clear.  "[W]e hold that § 1B1.13 is **not** an applicable policy statement for compassionate-release motions brought directly by inmates, and so **district courts need not consider it** when ruling on those motions."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (emphasis added).[5]

Considering the unique circumstances surrounding the coronavirus pandemic, "[n]umerous courts have recently concluded that 'extraordinary and compelling reasons' exist for purposes of § 3582(c)(1)(A) where inmates suffer from medical conditions that place them at a higher risk of serious illness in the event they contract COVID-19."  *United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020) (collecting cases).  This standard, coupled with an examination of the prison's infection rates, was approved in—though not mandated by—the panel in *Elias*.  984 F.3d at 520–21.

This motion is not typical of those motions for compassionate release filed in conjunction with the COVID-19 pandemic.  Here, Defendant does not ask for release based on a personal medical condition.  Instead, he asks for compassionate release to care for his minor daughter because her mother (and custodial parent) recently died.  (Doc. 38 PAGEID 104; Doc. 38-2 PAGEID 110).  Defendant is currently searching for his daughter (by contacting county child protection agencies throughout Florida), worried that she will somehow be "hurt" while in foster care.  (Doc. 38 PAGEID 105–07).

As discussed, this Court is not bound by § 1B1.13 as an applicable policy statement.  But the Court can permissively consider it.  *United States v. Tomes,* 990 F.3d 500, 503 n.1 (6th Cir. 2021); *United States v. Jimenez*, No. 2:18-cr-61, 2021 WL 4128993, at *2 (S.D. Ohio Sept. 10,

---

[5] The panel further clarified that, "as in *Jones* and *Ruffin*, district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

2021) (citing *Tomes*).  An extraordinary and compelling reason for release exists upon "[t]he death or incapacitation of the caregiver of the defendant's minor child."  U.S.S.G. § 1B1.13 cmt. n.1(C).  Yet "the death of a minor child's caregiver only amounts to an 'extraordinary and compelling reason' when the defendant has provided documentation that they are the only available caregiver for the child."  *United States v. Lemon*, No. 4:16-CR-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021) (citation omitted).[6]  Defendant has provided no such documentation.  Even if he had, though, nothing in the Final Presentence Report convinces the undersigned that Defendant—however good his intentions—has the necessary parenting skills to care for his daughter, now a toddler, were the Court to release him for this purpose.  As another district judge has noted:

> [C]ompassionate release is intended for situations in which a "child is at risk of harm or will not be cared for" absent a sentence reduction.  *United States v. Ingram*, No. 14-303(2), 2020 WL 3104643, at *3 (D. Minn. June 11, 2020).  Here, the documents [Defendant] provided indicate that his minor child is being cared for by foster parents.  And even if foster placement was an extraordinary and compelling circumstance, [Defendant] has not shown that he "is able to assume the responsibilities of a caretaker" once released.  *United States v. Paul*, No. 3:18-cr-227, 2020 WL 5807343, at *2 (S.D. W. Va. Sept. 25, 2020).  If genuine, his stated desire to be a better father is admirable, but these circumstances do not justify his release.

*United States v. Montgomery*, No. 5: 17-082-DCR, 2020 WL 6491653, at *2 (E.D. Ky. Nov. 4, 2020).

On balance, then, and in the exercise of its "full discretion," the Court fails to find that extraordinary and compelling reasons support a sentence modification under § 3582(c)(1)(A).  *See Jones*, 980 F.3d at 1111.  With this prerequisite unmet, the analysis ends.  *Elias*, 984 F.3d at

---

[6] Complex Warden B. M. Antonelli denied Defendant's RIS request on this basis, explaining "Your request meets the criteria of Death or Incapacitation of the Family Member Caregiver of a dependent child.  However, you must provide proof that you are the only surviving family member that can provide care for the child.  Accordingly, your RIS request is **denied** at this time."  (Doc. 38-1 PAGEID 109 (emphasis in original)).

519 (citing *Jones*, *Ruffin*); *see also Tomes,* 990 F.3d at 502 (citing *Elias*).[7]

## III. CONCLUSION

Defendant Nathaniel Morningstar's pro se motion for compassionate release (Doc. 38) is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[7] Thus, the Court need not proceed to step three of the § 3582(c)(1)(A) inquiry, "considering" the "applicable" sentencing factors listed in 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519. *See United States v. Traylor*, --- F.4th ---, No. 21-1565, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (citing *Elias*, "[B]ecause the district court determined that there was no extraordinary and compelling reason to grant [Defendant's compassionate release] motion, it also did not abuse its discretion by denying the motion without addressing whether the 18 U.S.C. § 3553(a) factors support a sentence reduction."); *see also United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing *Elias*).